FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRUCE H. SINGMAN,

    Plaintiff - Appellant,

v.

NBA PROPERTIES, INC., Erroneously
Sued As National Basketball Association
Properties, Inc.,

    Defendant - Appellee.

No. 14-55156

D.C. No. 2:13-cv-05675-ABC-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted July 26, 2016[**]

Before:  SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

 Bruce H. Singman, an attorney, appeals pro se from the district court's

judgment dismissing his diversity action alleging state law claims arising from

attempts to negotiate an agreement. We have jurisdiction under 28 U.S.C. § 1291.

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Singman's intentional interference with prospective economic advantage claim because Singman failed to allege facts sufficient to state a plausible claim, including "that the defendant's conduct was wrongful by some legal measure other than the fact of interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950 (Cal. 2003) (citation and internal quotation marks omitted) (elements of a intentional interference with prospective economic advantage claim in California); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citations and internal quotation marks omitted)).

**AFFIRMED.**